Filed 12/19/14  P. v. Edwards CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN NELSON EDWARDS,<br><br>    Defendant and Appellant. | 2d Crim. No. B257115<br>(Super. Ct. No. 14PT-00063)<br>(San Luis Obispo County) |

Brian Nelson Edwards appeals the trial court's order continuing his involuntary treatment as a mentally disordered offender (MDO) (Pen. Code,[1] § 2970). Appellant was previously committed for MDO treatment after he was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)).

Before appellant's previous commitment expired, the San Luis Obispo County District Attorney petitioned for his continued MDO treatment. Appellant waived his right to a jury trial.  Dr. Robbin Huff-Musgrove, appellant's treating psychologist at Patton State Hospital, testified that appellant met the criteria for continued treatment.  Dr. Huff-Musgrove concurred in appellant's diagnosis of schizophrenia, paranoid type, which is manifested by symptoms that include persecutory and conspiratorial delusions.  The

---

[1] All statutory references are to the Penal Code.

doctor also opined that appellant's symptoms were not in remission because he continued to respond to internal stimuli and adhere to his delusional beliefs. The doctor believed that appellant's continued denial of his mental illness had itself risen to the level of a delusional belief.

Dr. Huff-Musgrove also believed that appellant represented a substantial danger of physical harm to others by reason of his severe mental disorder, due to his inability to acknowledge his illness and his lack of understanding regarding its symptoms and the need to take medication. Appellant also had a history of violence that included the commitment offense, in which he inflicted great bodily injury on two hospital staff members, and prior offenses of battery on a spouse and child, carjacking, and making criminal threats. Although appellant was cooperative and consistent in his treatment and his mental condition was improving, the doctor believed that he continued to meet the criteria for continued MDO treatment.

Appellant testified on his own behalf. He does not believe he has a mental illness because he was not having any problems with his thinking and was able to fully function. He stated that he was taking his medication willingly and would continue to do so if released. He believed he was doing better in the past year and offered that he would be living with his mother upon his release.

We appointed counsel to represent him on appeal. After examining the record, counsel advised us in writing that he could find no arguable issues. On September 3, 2014, we notified appellant that he had 30 days in which to submit any contentions he wished us to consider.

We subsequently granted appellant's request for an extension of time to file a supplemental brief. On October 31, 2014, appellant filed a brief in which he contends (1) he "was fraudulently convicted" and is innocent of the charges that resulted in his MDO treatment; (2) Dr. Huff-Musgrove is "a deceiver" who testified untruthfully and

2

"knew that the entire case [against appellant] was fraudulent;" (3) his trial attorney in the underlying criminal proceedings was ineffective; and (4) he does not suffer from a severe mental disorder or represent a substantial danger of physical harm to others due to such a disorder. He also asserts that hospital staff, former Los Angeles County District Attorney Steve Cooley, the attorneys in his criminal trial, and the judge who presided over the trial are all involved in a vast conspiracy and "cover up" to hide the fact he was poisoned by his ex-girlfriend and her family over a three-year period. Appellant believes he was "given a mental illness because the people are aware that I have a law suit [*sic*] pending." In conclusion he states, "I [am] not paranoid, just watch people, because I don't trust them, because they have lied on me and I have read it in the documentation." He also asks us to subpoena the records he sent to the Federal Bureau of Investigation (FBI), which purportedly prove that he "had been lied on for the past 19 years."

None of appellant's contentions has merit or warrants further briefing. Collateral attacks on his commitment offense or other prior convictions are not cognizable in this appeal, which challenges his continued treatment as an MDO. To establish that such treatment was necessary, the People had to prove beyond a reasonable doubt that: (1) appellant continued to have a severe mental disorder; (2) the mental disorder was not in remission or could not be kept in remission without treatment; and (3) by reason of the mental disorder, appellant continued to represent a substantial danger of physical harm to others. (§§ 2962, subds. (a) & (d)(1), 2966, subd. (c), 2972, subd. (e); *People v. Fernandez* (1999) 70 Cal.App.4th 117, 126; *People v. Superior Court* (*Myers* ) (1996) 50 Cal.App.4th 826, 837.) Notwithstanding appellant's claims, the record is sufficient to prove each of these elements beyond a reasonable doubt. None of the documents he attaches to his brief demonstrates otherwise. Appellant also fails to offer anything of substance to substantiate his claims that Dr. Huff-Musgrove lied on the stand, that there is a conspiracy against him, or that his behaviors are the manifestations of poisoning rather than mental illness. We accordingly deny his subpoena request.

3

We have reviewed the entire record and are satisfied appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Hugh Mullin, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal; Brian Edwards, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.